MURRAY T. POPPER, Individually and on Behalf of All Tenants Similarly Situated, Plaintiff, v. EMANEU REALTY CORP., Defendant.

Supreme Court, Special Term, New York County, January 29, 1951.

*Maxwell Cohen* for plaintiff.

*Samuel L. Paul* and *Milton R. Weston* for defendant.

HOFSTADTER, J. The plaintiff, individually and on behalf of the other tenants in an apartment building in this city, sues to enjoin the conversion by the owner of a manually operated elevator into an automatic or self-service elevator. The tenants who have joined are all statutory tenants whose expired leases provided:

" THE LANDLORD COVENANTS: Second: Subject to the provisions of section ' Fifteenth ' above, the Landlord will furnish the following respective services during the hours usual in said building: (a) If there be a passenger elevator in the building, then passenger elevator service to and from the floor on which the demised premises are located, but Landlord is not obligated to furnish an operator if the elevator is of the type known

as ' automatic ' or ' self-service '; (b) if there be a service elevator in the building, then ' service ' elevator service to and from the same floor during the usual hours for the building * . * * ." ''

Relying on the projection of this provision into the statutory tenancy, the plaintiff urges a contract right to continued service of the manually-operated elevator. The defendant rests its intended change-over from manual to automatic operation of the elevator on an order dated November 30, 1950, made by the Temporary State Housing Rent Commission, through the local rent administrator, which permitted the conversion subject to detailed conditions prescribed by the administrator for the protection of the tenants. The plaintiff challenges the validity of the order, which was issued pursuant to section 35 of the commission's Rent and Eviction Regulations, requiring the landlord to maintain the same essential services, unless and until, on the landlord's application, " an order permitting a decrease has been entered thereon by the Administrator."

The defendant landlord did file an application pursuant to the foregoing regulation on which there was a hearing, participated in by various tenants and their counsel, including the attorney for the plaintiff in this action. The order of November 30, 1950, was made as a result of the hearing so held.

At the outset one provision of this order heavily stressed by the tenants should be considered. The order states that it " does not affect any rights the tenants may have under any rental or other contractual agreement with the landlord-corporation." The tenants urge that this limitation in the order entitles them to the continued maintenance of the manually operated elevator by virtue of the quoted clause in the lease and its projection into the statutory tenancy. I cannot accede to that view. In my opinion the reference to rights under a rental or contractual agreement is to rights flowing from a subsistent and unexpired agreement and not to those which the tenant enjoys solely by grace of the emergency legislation. Even though the terms of an expired lease are projected into the statutory tenancy, they serve merely to define the terms of the statutory tenancy. The rights held by the tenant, though originating in the expired lease, are nevertheless given to him not by the lease, but by the statute. Whatever his rights as a statutory tenant, they flow from and rest solely on the statute. The provision of the order merely follows the substantially similar provision of section 13 of the regulations that the

" provisions of any lease or other rental agreement shall remain in force pursuant to the terms thereof, except insofar as those provisions are inconsistent with the Act or these regulations." It follows that the provision under discussion does not apply to the plaintiff and those who have joined him in the action, for they are all statutory tenants.

The November 30, 1950, order protects the defendant in the course on which it intends to embark, so long as it stands. The validity of that order is not passed on, for the statute which creates the commission itself provides the machinery for the review of the commission's orders. Sections 7 and 8 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) prescribe the procedure for judicial review and specifically permit the court to set aside an order " not in accordance with law." In my opinion the review so afforded forbids collateral attack. The commission is not before the court and the commission's order should not be annulled without affording the commission the opportunity to defend its validity. The statute gives the commission such opportunity in a proceeding under it in which the order is directly attacked.

Judgment is, therefore, directed for the defendant, but without costs. The foregoing constitutes the decision. Settle judgment.