REALTY FINANCIAL CORPORATION et al., Plaintiffs, *v.* DAISY BLAU et al., Defendants.

Supreme Court, Special Term, New York County, March 21, 1951.

*Lee Epstein* for Daisy Blau and others, defendants.

*Ralph H. Wiener* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Walter S. Fried* of counsel), *amicus curiæ.*

HAMMER, J. Defendant moved to dismiss the complaint for insufficiency. Plaintiffs are owners of an apartment house and seek by the action a judgment declaring that its proposed plan of operation of services is within the law and the leases of the defendants, tenants, and enjoining defendants from taking action to compel maintenance of the existing operation. The essential grievance is alleged in paragraph 25 of the complaint which states that defendants contend the services which plain-

tiffs desire to inaugurate would constitute a reduction in essential services and wrongfully assert their right to retention of existing services. Such an action for a declaratory judgment should not be entertained.

Pursuant to power granted by the New York State Residential Rent Law of 1950 (L. 1946, ch. 274, as amd. by L. 1950, ch. 250), rent and eviction regulations were adopted of which section 23 reads: " Section 23. *Services included in the maximum rent.* Every landlord shall provide with housing accommodations, the same dwelling space and the same essential services, furniture, furnishings and equipment as were provided, or were required to be provided, on the date determining the maximum rent." And section 35 reads: " Section 35. *Decrease of services; petition, order or report.* 1. Until the accommodations become vacant the landlord shall maintain the same dwelling space, essential services, furniture, furnishings, and equipment as required under Section 23 unless and until he has filed an application to decrease the dwelling space, essential services, furniture, furnishings, or equipment and an order permitting a decrease has been entered thereon by the Administrator." Advisory opinions may be secured or orders upon formal applications with respect to change in services and such opinions or orders will not necessarily result in determination that service has been diminished (State Rent Administrator's Opinion No. 40).

Plaintiffs seek by this action to secure the relief which the law has placed within the exclusive original jurisdiction of the commission with the right of review by this court after action taken by the commission. No distinction arises from the particular form employed by plaintiff, an action for declaration of rights. A remedy given by a statute creating a new right or imparting a new duty is exclusive (*Matter of Kingswood Management Corp.* [*Salzman*], 272 App. Div. 328).

The complaint here is based solely on the operation of services existing on March 1, 1943. No specific contractual rights are pleaded. In *Brownrigg* v. *Herk Estates* (276 App. Div. 566) tenants' demand for recovery of damage for discontinued services was based on Federal Housing and Rent Acts of 1947 and 1949 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) No application was made to the Federal Expediter. The leases there contained no covenant for such services. It was held (pp. 567–568) that " In enacting this legislation, the Congress of the United States evidently intended to confer administrative duties pertaining to the housing situation upon the Federal Housing Expe-

diter * * * the jurisdiction of courts with respect to such matters is limited to legal steps which may be taken after the Housing Expediter has acted.'' Accordingly, resort should be had to the administrative law '' without the necessity of congesting the calendars of the courts, which were not primarily constituted to handle controversies of this character.'' (P. 569.) The court further stated (p. 572) the fact '' that various services were in operation in this apartment house on March 1, 1943, or when leases were entered into, has been held * * * not to be sufficient in itself to establish a contractual obligation by the landlord to maintain them (*Fogelson* v. *Rackfay Constr. Co.*, 300 N. Y. 334).'' In *Fireman* v. *Newcraft Associates* (N. Y. L. J., Feb. 19, 1951, p. 611, col. 6 [BREITEL, J.]), the litigation arose on complaint of tenants with respect to diminution of services including conversion of elevators. Leases had been entered into, registered and approved in writings known as form D-92. It was held that questions arising from operation of services unless provided by contracts are relegated to administrative action in the first instance and under regulatory statutes. In that case indeed the landlord applied to the State Housing Rent Commission and received approval to convert the elevators without prejudice to any contractual rights of the tenants. In *Popper* v. *Emaneu Realty Corp.* (199 Misc. 32) tenant sought to enjoin elevator conversion. Landlord had obtained an order of the Temporary State Housing Rent Commission dated November 30, 1950, permitting conversion pursuant to section 35 of the regulations. The order made after hearing was subject to contractual rights. Such rights, however, it was held must flow from a subsisting and unexpired agreement and not from terms of an expired lease projected into purely statutory tenancy. While the order of the commission stands, unreviewed by proper procedure, the landlord may proceed with conversion.

It is clear, therefore, that in the present state of this controversy, there is nothing for the court to entertain.

The motion is granted and the clerk is directed to enter judgment dismissing the complaint.