In the Matter of Henderson G. Riggs, Petitioner, against Robert L. Andrew, as Local Rent Administrator, New York Temporary State Housing Rent Commission, Respondent.

Supreme Court, Special Term, Chemung County, July 28, 1951.

*Henderson G. Riggs,* petitioner in person.

*Robert L. Andrew,* in person, *Robert H. Schaffer* and *Henry S. Halprin* for respondent.

NEWMAN, J. The issue presented in this proceeding is whether the act of the local rent administrator in denying the petitioner the right to inspect certain files in the respondent's custody was a proper act of discretion and in compliance with the existing law.

Paragraph 8 of section 6 of the statute (State Residential Rent Law, L. 1946, ch. 274, as amd.) provides: " The commission shall not publish or disclose any information obtained under this act that the commission deems confidential or with reference to which a request for confidential treatment is made by the person furnishing such information, unless the commission determines that the withholding thereof is contrary to the public interest."

The petitioner purchased the housing accommodation in question on or about October 1, 1950. He alleges that during the month of June, 1950, he inquired of the respondent whether or not there was a registration in the rent control office on the premises 404 Euclid Avenue, Elmira, N. Y., and was informed by the said rent administrator that there was not.

The petitioner further alleges that relying upon said statement he purchased the property in question and incurred certain substantial obligations and borrowed money with which to make certain repairs on said premises and on or about October, 1950, he rented said premises to one Burdick at a monthly rental of $90. Thereafter and about May 8, 1951, the tenant Burdick filed a complaint with the local rent administrator's

office alleging that he was paying more than the legal rent. Because of this complaint the administrator notified the landlord that the premises were registered at a rental of $75 per month, including furniture, heat and garage.

Thereafter the administrator instituted a proceeding under section 36 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission to determine the maximum legal rent and petitioner was notified by a preliminary notice that after investigation of comparable housing accommodations in the vicinity the local rent administrator proposed to issue an order fixing the maximum legal rent for this house at $55 per month.

On or about June 15, 1951, the petitioner applied at the office of the local rent administrator for permission to inspect certain files and was informed that such permission could not be granted but that if he would bring in a list of specific housing accommodations which were comparable the registration statements would be exhibited to him.

On or about June 25, 1951, the petitioner returned to the local rent office with a list of specific registration statements which he wished to inspect and was refused on the ground that the administrator determined that said accommodations were not comparable.

This proceeding is brought to compel the administrator to allow the petitioner to inspect said registration. The petitioner is not seeking to secure here the relief which the law has placed within the exclusive original jurisdiction of the respondent.

We are in accord with the cases cited by the respondent to the effect that in such cases the court will not grant relief until after the petitioner has exhausted his remedy before the administrative tribunal. The petitioner has the right to present his case fully to the commission and to a review by the court as provided by paragraph 1 of section 9 of the act in case he feels aggrieved by the final determination. However, upon such judicial review he will be met with the provision in paragraph 1 of section 9, which says: " No objection to such regulation or order, and no evidence in support of any objection thereto, shall be considered by the court, unless such objection shall have been set forth by the petitioner in the protest or such evidence shall be contained in the return."

Respondent in his brief states: " In the final analysis it is the local rent administrator who determines the proper comparables to be used in the fixation of the maximum legal rent for this house."

In other words, the respondent is to determine what facts the petitioner may present to the commission as a basis for its determination and what facts shall appear in the return as the basis for the court's action in the case of a judicial review.

Certainly this court has no desire to assume any of the authority or jurisdiction of the rent control authorities. The court should, however, see that the petitioner has an opportunity to present his case fully and freely before the commission so that the record when and if presented to the court for review will contain all the material facts which the petitioner desires to present and that he will not be limited to such facts as the administrator decides to allow him to present.

The motion is granted. Submit order, which should contain specification of the premises in regard to which inspection of records is desired.