DORIS HUTCHINS, Plaintiff, *v.* JOSEPH D. McGOLDRICK, as State Rent Administrator, et al., Defendants.

Supreme Court, Special Term, Kings County, October 25, 1951.

*Robert H. Schaffer* for Joseph D. McGoldrick and another, defendants.

*Charles L. Kellar* for plaintiff.

DI GIOVANNA, J. This is a motion for judgment pursuant to subdivision 4 of rule 106, and rule 212 of the Rules of Civil Practice on the ground that this court has no jurisdiction over the subject matter of this action.

In the course of administrative proceedings before the local rent administrator, orders were issued establishing maximum legal rent for certain apartments in the petitioner's building. The petitioner landlord of the building filed a protest with the State Rent Administrator which is still pending and undetermined. In this action for declaratory judgment the landlord seeks to have the order declared null and void upon the ground that the apartments in question are not subject to rent control.

The question is thus squarely presented as to whether the validity of an administrative order is properly subject to collateral attack in this connection rather than directly as provided in the State Residential Rent Law. The State Residential Rent Law of 1951 (L. 1951, ch. 443, amdg. L. 1946, ch. 274) prescribes a comprehensive plan for administrative and judicial review of such an order (§§ 8, 9, subd. 1; State Rent and Eviction Regulations, § 91). The prescribed method of appeal is by protest. It is only after a ruling upon the protest that resort can be had to the court by means of a proceeding against a body or officer as provided in article 78 of the Civil Practice Act (State Residential Rent Law, § 9, subd. 4). In that section it is provided: "The method prescribed herein for the judicial review of a regulation or order shall be exclusive."

Thus by legislative mandate it appears that the right of review by plaintiff is restricted to procedure prescribed in the statute rather than by action for declaratory judgment. This principle is not new in law for in many instances it has been provided that where administrative remedies are afforded for a review of an administrative order resort to the courts may not be had until a complete exhaustion of all the administrative remedies. In *Suppus* v. *Bradley* (278 App. Div. 337) this question was directly raised and the court held (p. 339): "When administrative procedures are afforded, resort may not be had to the court until exhaustion of such process (*People ex rel. Uvalde Paving Co.* v. *Seaman,* 217 N. Y. 70; *Yakus* v. *United States,* 321 U. S. 414); and the rule may not be circumvented by asserting that holding the prescribed administrative hearing would result in damages (*Myers* v. *Bethlehem Shipbuilding Corp.,* 303 N. Y. 41, 51)."

The same principle of law has been asserted in *Vendrames* v. *McGoldrick* (N. Y. L. J., Oct. 10, 1950, p. 761, col. 5); *Realty Financial Corp.* v. *Blau* (199 Misc. 302), and *Long Is. Lighting Co.* v. *Maltbie* (262 App. Div. 376). The brief submitted by plaintiff cites the case of *Ivory* v. *Edwards* (278 App. Div. 359). However, a reading of that case in the light of the law as enunciated in the foregoing cases clearly shows that the situations are unlike.

Accordingly, motion to dismiss is granted and judgment is rendered in favor of defendants dismissing the complaint.

The petitioner's motion for a temporary injunction is denied for the reasons above set forth. Submit order.