KELLAS REAL ESTATE CORP., Plaintiff, *v.* ALBERT GLUCKMANN et al., Defendants.

Supreme Court, Special Term, Bronx County, January 27, 1955.

*Walter S. Fried* and *Norman S. Fenton* for Temporary State Housing Rent Commission, defendant.

*Lewis Steinfeld* for plaintiff.

FRANK, J.   The defendant Temporary State Housing Rent Commission moves to dismiss the complaint for legal insufficiency.   The plaintiff in substance alleges that it rented a vacant apartment to Gluckmann prior to December 1, 1953, at a 15% increase over the registered rent, and that Gluckmann agreed to execute a two-year lease at the increased rent.   It permitted the tenant to move into the apartment after collecting the first month's rent at the increased rate.   Thereafter the tenant refused to sign the lease although he paid the increased rent until September, 1954, when he made application to the Administrator to reduce the rent to its prior rate.   The plaintiff alleges

that it has no legal defense to such application. The plaintiff landlord now seeks by this action to compel performance by defendant tenant of his alleged agreement to execute the lease upon the apartment now occupied by him, for a recovery of unpaid rent, or in the alternative for possession of the apartment. The complaint also seeks a direction that the commission register the rent in the agreed amount as the maximum rent *nunc pro tunc* as of December 1, 1953.

The plaintiff insists it is not by this action seeking to review an order of the commission fixing the maximum rent at the rate existing prior to the tenant's occupation of the apartment. It claims the right to join the commission under section 212 of the Civil Practice Act, as a party against whom a right of relief exists if plaintiff prevails as against the defendant tenant, thus preventing a multiplicity of suits.

Although the complaint is silent as to the action taken by the commission upon the tenant's application, from the briefs it appears that the local rent office has made an order fixing the maximum rent in conformity with the regulations. The plaintiff has not protested and plaintiff candidly agrees that the Administrator could not do otherwise.

Regardless of the label which plaintiff attaches to this action, it is in effect seeking either to review the act of the commission in fixing the maximum rent or in reliance upon its complaint, seeking to substitute the court as the forum to fix a maximum rent.

The State Residential Rent Law (L. 1946, ch. 274, as amd.) provides for the manner in which judicial review of the determinations of the rent commission shall be had. In subdivision 4 of section 9 (L. 1951, ch. 443), it is stated that " The method prescribed herein for the judicial review of a regulation or order shall be exclusive." Thus even if the complaint were amended to include an allegation reciting the Administrator's determination, the complaint would be legally insufficient, for this is not an article 78 proceeding, but a plenary action. Nor can the plaintiff sustain its pleading absent the allegation referred to, for it must exhaust the remedies provided by the rent control legislation before resorting to the courts. (*Hutchins* v. *McGoldrick,* 200 Misc. 964; *Matter of Riggs* v. *Andrews,* 200 Misc. 360.)

If the plaintiff can establish the fraud of the tenant, he may obtain redress in the proper forum upon appropriate procedure, but he cannot seek the aid of the court in enforcing an alleged right in the absence of legislation empowering the court to grant the relief sought. The motion to dismiss the complaint as to the defendant commission is granted. Settle order.