Bernard Newman, J.
This is an application by plaintiff (landlord) for an injunction pendente lite. Defendant (in reality, the City Rent Administrator) is charged by law to conduct the activities and to take the very action which plaintiff complains of (City Rent and Rehabilitation Law; Administrative Code of City of New York, § Y41-5.0, subd. h, par. [3]).
The controlling facts are simple:
Plaintiff is the owner of an apartment building, containing 35 housing accommodations. The Bronx District Rent and Rehabilitation Director received from the New York City Department of Buildings on June 6, 1962 a list of violations posted against the structure, which the Buildings Department certified as: (1) a fire hazard; (2) in a continued dangerous condition; and (3) detrimental to life or health.
The notification requested the Rent Administrator to take appropriate action in accordance with the rent regulations. Thereupon, the defendant The Bronx District Rent and Rehabilitation Director commenced an administrative proceeding on June 13, 1962, by notifying the landlord of a “proposed” decrease of 50% affecting the maximum rents; affording the landlord ‘ ‘ an opportunity to oppose this application by filing an answer ’ ’ within seven days, which answer 1 ‘ must contain evi *368 deuce that the violations placed against the building by the municipal departments having jurisdiction have been removed of record ’ ’; and otherwise ‘ ‘ the Local Bent Administrator may issue an order decreasing the maximum rents for the individual housing accommodations as indicated ”.
Plaintiff urges that the violations have been removed, although admittedly there has been no such official finding or recording as required by defendant.
Plaintiff has instituted this injunctive action, and obtained a temporary stay, pending the hearing and determination of its order to show cause, enjoining defendant “ from decreasing the present maximum rents for the individual housing accommodations * * * by reason of the condition certified to the defendant.” Significantly, plaintiff’s lawsuit is not in the nature of an article 78 proceeding. Plaintiff, instead, seeks the drastic remedy of an injunction; and defendant’s counsel contends that the administrative proceeding “has been paralyzed since June 25th by the stay contained in the order to show cause ”.
In situations analogous to the matter here presented, a landlord was denied a pendente lite injunction staying the Local Bent Administrator from issuing orders to reduce rents pending the outcome of a trial (Marlane Realty Corp. v. S. S. Hull, Inc., N. Y. L. J., April 28, 1958, p. 7, col. 6 [Supreme Ct., N. Y. County]); and a tenants’ committee was denied a writ of prohibition restraining the Administrator from ordering rent increases in a pending administrative proceeding (Matter of Abrams v. McGoldrick, N. Y. L. J., June 8, 1953, p. 1920, col. 3 [Supreme Ct., N. Y. County]). This court may not properly curtail or restrain the within pending administrative proceeding, particularly where, as here, serious and dangerous conditions detrimental to life and health can be involved (cf. Brownrigg v. Herk Estates, 276 App. Div. 566; Suppus v. Bradley, 278 App. Div. 337; Kistenberg v. Herman, N. Y. L. J., March 14, 1961, p. 15, col. 1). Under all the circumstances revealed by the papers submitted, the court is convinced that defendant and the city rent agency must be permitted to continue their official duties as mandated by statute.
Plaintiff has failed to establish that the contemplated actions by defendant would cause irreparable injury. The merits of the pending administrative proceeding may, upon its conclusion, properly be reviewable in an article 78 proceeding. Moreover, plaintiff, in the event it is successful in such proceeding, will be permitted to maintain summary proceedings for nonpayment of back rent (Civ. Prac. Act, § 1410, subd. 2; Kellogg Holding *369 Corp. v. Wilson, 21 Misc 2d 287; 504 West 145th St. Corp. v. Story, 3 Misc 2d 750).
In effect, the complaint is an oblique attempt by plaintiff to substitute this court for the newly created city rent agency. The conduct and reasonableness of the unfinished administrative proceeding is not at issue here, cannot be anticipated, and cannot be put before the court until, under the familiar holdings, plaintiff exhausts all of its administrative remedies (Brownrigg v. Herk Estates, supra; Suppus v. Bradley, supra; Matter of Spina, 127 N. Y. S. 2d 253). Parenthetically, the case of Lesron Junior v. Feinberg (13 A D 2d 90), cited by plaintiff, is inapplicable here, inasmuch as in the pending matter, the existing remedy provided by law for both administrative and judicial review of defendant’s acts will furnish plaintiff with proper and adequate relief (see McGillicuddy v. Monaghan, 280 App. Div. 144; Kellas Real Estate v. Gluckmann, 207 Misc. 517, 519).
Plaintiff makes some reference to ‘1 unconstitutionality ’ ’, but on the oral argument plaintiff conceded it was not pressing any such contention.
Accordingly, plaintiff’s motion for an injunction pendente lite is denied and the temporary stay is vacated; the cross motion by defendant to dismiss the complaint is granted.