Chabees A. Loeeto, J.
Petitioner seeks an order restraining the City Rent and Rehabilitation Administrator from reducing rents in his apartment building and for a further order directing a reinspection of the premises. Respondents cross-move to dismiss the petition on the grounds that no final determination has been made as required by section 7801 of the Civil Practice Law and Rules.
At the outset it should be noted that a proceeding under article 78 under section 7801 of the Civil Practice Law and Rules, does not lie for judicial review before a determination is made or order issued by the Administrator and review proceedings before the administrative body have been exhausted. Also such a proceeding would fail unless it is shown that the respondent Administrator has acted either without or in excess of her jurisdiction.
Here there are presently 11 administrative proceedings pending against the petitioner, all arising out of individual tenant complaints at the subject premises. These proceedings have not yet culminated in final orders from respondent Rent Commission. Admittedly, some repairs have been made by petitioner in an effort to comply with the numerous tenant complaints and the various Buildings Department violations. It is conceded, however, that all of the necessary repairs have not been made and that violations still exist against the premises.
Petitioner contends that respondent Administrator has unreasonably delayed in processing his applications for rent increases, thereby causing him irreparable damage in collecting rents, which will result in the possibility that he may become insolvent.
The question presented, therefore, is “whether the body or officer failed to perform a duty enjoined upon it by law ’ ’ (CPLR, § 7803, subd. 1).
The facts presented do not indicate that respondent Administrator has failed reasonably to act in the proceedings pending before her.
In similar proceedings analogous to the situation at bar, the landlord was denied a restraining order staying the Rent Administrator from issuing orders reducing the rents, during the pending of the administrative process (Yorkshire Assoc. v. Halpern, 39 Misc 2d 367).
*723 Also, petitioner has failed to establish that respondents’ actions would cause irreparable injury, since in the event petitioner is successful in such proceeding, summary proceedings may be instituted to recover back rent (Kellog Holding Corp. v. Wilson, 21 Misc 2d 287).
Under all of the circumstances revealed by the papers submitted, the court is convinced that respondents must be permitted to continue their official duties as mandated by statute. Upon conclusion thereof, the actions of respondents may be properly renewable in an appropriate article 78 proceeding.
The cross motion by respondents is therefore granted, the motion is denied, the petition dismissed and the stay vacated.