(49 Misc. Rep. 47)

### FARON et al. v. JONES.

(Kings County Court. December 1, 1905.)

1. LANDLORD AND TENANT—PREMISES BECOMING UNTENANTABLE—LIABILITY FOR RENT—STATUTORY PROVISIONS.

Laws 1860, p. 592, c. 345, providing that the lessees of any building which shall without their fault be destroyed, or be so injured as to be untenantable, shall not thereafter be liable for rent unless otherwise expressly provided, and that the lessees may thereafter surrender possession of the leasehold premises, does not release from his obligation to pay rent a tenant continuing in possession after the premises became so destroyed or injured.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 784, 786.]

2. SAME—LIABILITY OF LANDLORD FOR REPAIRS.

Under a lease of a building "with steam engine, boiler, elevator, etc.," at a certain yearly rental, "with an allowance of two hundred dollars per year for repairs to the building," the landlord was not liable for the cost of a new engine installed by the tenant, on the old engine breaking down and becoming useless, in the absence of any express or implied agreement to replace it.

3. SAME—ALLOWANCE FOR REPAIRS.

Where a landlord expressly allowed in a lease a stated sum per annum from the rent reserved for repairs, the legal inference was that this limited his obligation respecting repairs.

Action by John G. Faron and another, as executors, against Howard S. Jones. Judgment for plaintiff.

Miller, Miller & Storm (Jacob Miller, of counsel), for plaintiff.
Ralph Underhill, for defendant.

CRANE, J. The lease upon which this action for rent is based demised to the defendant for the period of 10 years from May 1, 1902, "the five-story and basement brick factory building situated at the southeast corner of Hudson avenue and Concord street, city of New York, borough of Brooklyn, dimensions about seventy-five feet by about sixty-five feet, with steam engine, boiler, elevator, and steam heat, at the yearly rental of twenty-eight hundred dollars, with an allowance of two hundred dollars per year for repairs to the building." Nothing else is stated in the lease about repairs, except the tenant's covenant to surrender at the end of the term in good state and condition. After the tenant had continued in possession under the lease, and in September, 1903, the engine, part of the premises demised, "through usual and ordinary wear and tear, became worn out and of no use," as alleged in the answer. It broke down, and could not be repaired, whereupon the tenant, after notifying the landlord, and waiting a reasonable time, ordered and installed a new engine, at a cost of over $700. The tenant did not vacate the premises, but has continued in possession up to this day. However, in this action to recover the rent due under the lease for the months of January to May, 1904, the tenant has counterclaimed for the amount he expended for the new engine.

It is elemental, needing no other reference than the text-books on the subject, as, for instance, McAdam on Landlord and Tenant (chapter

37), that the landlord is not bound to repair when the lease contains no covenant or agreement to do so; neither is the landlord liable for repairs done by the tenant upon the demised premises unless on his special agreement to pay for them. Clancy v. Byrne, 56 N. Y. 129, 15 Am. Rep. 391; Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575.; Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744; Meserole v. Hoyt, 161 N. Y. 59, 55 N. E. 274. If this engine (a substantial and material part of the leased premises) suddenly collapsed and became useless, I do not say that the tenant would have been bound to replace it; neither do I say that he might not, under Laws 1860, p. 592, c. 345, have left and vacated the premises, on the ground that they had been so injured as to be unfit for occupancy, and thereby relieve himself from paying rent; but that is not the same thing as saying that the landlord was bound to rebuild or replace with a new engine. He was not bound to do so in the absence of any express or implied agreement to that effect, and, as the tenant did not vacate, but has continued in the premises, the statute does not aid him.

After reading the lease very carefully, I cannot see how any agreement to repair or replace the engine can be found in it. There is, of course, no express agreement, and from the reading and from any reasonable construction no such undertaking on the part of the landlord can be implied. The lessor having expressly allowed $200 per annum from the rent reserved for the repairs of the building, it is the legal inference that this was the extent of the obligation which he assumed. The case of Ducker v. Del-Genovese, 93 App. Div. 575, 87 N. Y. Supp. 889, referred to by the defendant, is not in point. There the landlord tried to hold the tenant to an agreement which the court said did not by its terms and covenants cover rebuilding.

This lease in question was made between the defendant and John Gray, who died previous to the trouble out of which this action has arisen. The defendant had been a tenant of John Gray for some years previous to the making of this lease, and no doubt relied largely on previous treatment in executing a lease, not so full and complete in details as it might have been; also, when the engine broke down, so that he could not conduct his business, and he had notified the estate of John Gray, and, receiving no answer, replaced it with an engine similar in character and affixed it to the realty, he likewise, no doubt, relied upon the fact that landlords frequently do things they are not bound to do for good tenants; but these are matters which the courts cannot take into consideration, for rights are governed by the agreements which the parties have made, and not by such as they might have made; neither can unforeseen hardship, inconvenience, or necessity modify such contracts.

For these reasons, I must set aside the verdict for the defendant, and, in accordance with the stipulation and statement of the attorneys, direct judgment to be entered for the plaintiff for the full amount claimed.