TOLK et al. v. COHEN.

(Supreme Court, Appellate Term. February 5, 1909.)

1. LANDLORD AND TENANT (§ 294*)—SUMMARY PROCEEDINGS—WHEN PROPER.

Summary proceedings lie only in the cases provided by statute.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1270; Dec. Dig. § 294.*]

2. LANDLORD AND TENANT (§ 296*) — SUMMARY PROCEEDINGS—PERMISSIVE OCCUPANCY.

By accepting payment of rent for one month, landlords sanctioned the tenant's occupancy for that time, and could not maintain summary proceedings to dispossess for nonpayment of rent for a preceding month, since under Code Civ. Proc. § 2231, such proceedings lie against a tenant only when he holds over without the landlord's permission.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1275; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Herman Tolk and another, landlords, against Max Cohen, tenant. From a final order for the landlords, the tenant appeals. Reversed, and proceedings dismissed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Jerome Ullman, for appellant.
Nathan Tolk, for respondents.

SEABURY, J. The relation of landlord and tenant existed between the parties. In the early part of October, 1908, the landlords instituted summary proceedings to remove the tenant for the failure to pay the rent for October, 1908. After the precept was served, the

tenant paid the rent into court, and the proceeding was marked "Settled." Subsequently the landlord instituted another proceeding to remove the tenant upon the ground that the rent of the premises for the month of September, 1908, had not been paid. In this proceeding a final order was rendered in favor of the landlords. The tenant appeals from this final order.

The question presented for decision is whether a landlord may institute summary proceedings against a tenant because of a failure to pay a month's rent when he has already collected the rent due for the next month. Summary proceedings are statutory, and can only be instituted in the cases provided by statute. A tenant may be removed in these proceedings for the nonpayment of rent due under a lease only when he holds over "without the permission of the landlord." Code Civ. Proc. § 2231. In accepting payment for the October rent the landlords clearly sanctioned the action of the tenant in holding over, or remaining in possession, up to that time. Under these circumstances the tenant's possession of the premises for the month of September cannot be said to have been without the permission of the landlord.

The landlords having failed to prove that the tenant held over in September without his permission, the proceedings should have been dismissed.

Final order reversed and proceedings dismissed, with costs. All concur.