ABRAHAM MESSER, Appellant, *v.* " MORRIS " J. SMITH, First Name " MORRIS " Fictitious, Real First Name Unknown to Plaintiff, Respondent.

Supreme Court, Appellate Term, Second Department, January 22, 1925.

**Landlord and tenant — action for rent — term of lease provided rent was payable on first of May — defendant remained in premises for twenty-seven days thereafter though premises were rendered untenantable by fire — defendant liable for rent for full month though not occupying premises — defendant not entitled to counterclaim for deposit.**

In an action for rent under the terms of a lease making the rent payable on the first day of May, the defendant, who did not remove from the premises until twenty-seven days thereafter, though said premises had been rendered untenant-

able by a fire, is obligated to pay the rent for the full month, notwithstanding the fact that he was not in possession the entire month. The defendant is not entitled to judgment on his counterclaim for the return of a deposit.

APPEAL from a judgment and order of the Municipal Court, Borough of Brooklyn, Second District.

*Samuel Goldstein,* for the appellant.

*Fred M. Wolf,* for the respondent.

PER CURIAM:

Judgment and order unanimously reversed upon the law and new trial granted, with thirty dollars costs to the appellant to abide the event.

The rent under the terms of the lease was payable on the first day of May. When the defendant moved on the twenty-seventh of May, he was obligated to pay that rent. The only counterclaim which he interposed was for the return of the deposit.

If the premises were rendered untenantable by the fire, the landlord had a reasonable time within which to repair the same. At the expiration of such reasonable time, if the landlord failed to make the repairs, the tenant could leave the premises (*Nimmo v. Harway,* 23 Misc. 126), but, since he waited until after the rent was due, he must pay the rent for the full month. (*Progress Corporation v. Chassman,* 188 N. Y. Supp. 406.)

It was, therefore, error to allow the plaintiff any deduction for the days in May when he was not in possession. Moreover, there was no proof that the deposit which he made under the lease ever came into the possession of the plaintiff. The judgment, therefore, in defendant's favor for the amount of the deposit was not warranted. (*Fallert Brewing Company, Limited, v. Blass,* 119 App. Div. 53.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.