JOSEPH CULLINGS, Respondent, *v.* EDWARD GOETZ, Doing Business under the Firm Name and Style of STRAND GARAGE, Defendant, Impleaded with ELIAS NICKLEY and Another, Appellants.

Fourth Department, January 7, 1931.

D. *Francis Searle*, for the appellants.

*Edward A. Wolff*, for the respondent.

SEARS, P. J. The defendants Nickley were the owners of a building in the city of Rome, N. Y., which at the time of the accident out of which this action arises was in the possession of Edward Goetz

as a tenant and was used by him as a garage both for storing and for repairing automobiles. This building had more than one entrance for vehicles. On the 27th day of May, 1929, the plaintiff, desiring to have certain repairs made upon his automobile, drove up to one of the entrances to the building. This entrance had two sliding doors, of which one was open. Plaintiff left his car outside, and entered the building. After having a conversation with someone inside as to certain repairs, plaintiff went to the doorway beyond which he had his automobile. The sliding doors with which this entrance was equipped were built to hang and slide upon a track fastened to the lintel. The right-hand sliding door as the plaintiff approached it from the inside of the garage was open. The left-hand one was not. The plaintiff took hold of the left-hand door and slid it back two feet or two and a half feet. The plaintiff then turned his back to the door to look into the garage to see whether there was room to drive his automobile up to the work bench, and, as he turned, the door which he had just slid back fell upon him causing him serious injury. For his damages the plaintiff has had a verdict.

It was early in January, 1929, that the defendants rented the garage building to Goetz. Previous to that time there had been some trouble with the operation of the sliding doors. The separation between the bottom of the doors and the cement floor or sill beneath them was naturally very slight, and there is evidence that before the tenancy of Goetz began the track on which the doors were hung had loosened to some extent from the lintel and the doors had dropped down a little so that at the bottom they had come into contact with the cement floor or sill below them, and they dragged when an attempt was made to open them. Repairs had been made by the defendants to correct this fault by refastening the track to the lintel. At the time that Goetz took possession of the building as tenant the doors were working satisfactorily. There was no written lease between the defendants and Goetz but there is evidence in the case from which the jury could have found that it was agreed between the defendants and Goetz as a part of the oral lease that the defendants were to make necessary repairs during Goetz's tenancy. There is no evidence from which it could be found that the construction of the doors was dangerous. The most that could be found in that respect is that the construction of the doors was such that they were apt to get out of operating condition. A few weeks before the accident to the plaintiff, the sliding doors did again get out of condition and that fact was called to the attention of the defendant by Goetz two weeks before the accident. The defendants, however, made no repairs.

Additional facts upon which the appellants claim that contributory negligence on the part of the plaintiff was established are omitted from this recital. On this feature of the case it is sufficient to say that in our opinion the question of plaintiff's freedom from contributory negligence was one of fact for the jury.

At the close of the evidence the learned trial court denied defendants' motion for a nonsuit and dismissal of the complaint to which denial the defendants excepted. The substance of the court's charge to the jury in respect to defendants' liability was that if the defendants had agreed in their lease to make necessary repairs and if they failed to make them within a reasonable time after they had notice of the condition of disrepair, the jury might predicate negligence on such failure to make repairs, and base a verdict for the plaintiff's damages against the defendants on such negligence, provided, of course, that the plaintiff's injuries resulted from the condition of disrepair, and provided also that the jury found the plaintiff free from contributory negligence. To the instructions embodying this statement of the law, the defendants excepted.

The case presents the question whether a landlord who in his lease has agreed to make repairs is responsible to an invitee of his tenant for damages for an injury caused by a defective condition of the premises arising after the beginning of the tenancy which the landlord has negligently failed to remedy after notice. In our opinion this question is not an open one in this court. We are constrained by the authorities to answer the question in the negative. (*Schick* v. *Fleischhauer*, 26 App. Div. 210; *Frank* v. *Mandel*, 76 id. 413; *Kushes* v. *Ginsberg*, 99 id. 417; affd., 188 N. Y. 630.)

The question before the court in *Jaffe* v. *Harteau* (56 N. Y. 398) is stated by Judge GROVER in his opinion as follows: " The question then is, whether a lessor of buildings, in the absence of fraud, or any agreement to that effect [*i. e.*, to make repairs], is liable to the tenant or others, lawfully upon the premises, by his authority, for their condition, or that they are tenantable and may be safely and conveniently used for the purposes for which they were apparently intended." The answer given in that case to this question is against such liability.

The principle thus enunciated has been repeatedly approved. (*Edwards* v. *N. Y. & H. R. R. Co.*, 98 N. Y. 245; *Franklin* v. *Brown*, 118 id. 110; *Daly* v. *Wise*, 132 id. 306; *Steefel* v. *Rothschild*, 179 id. 273.) None of these cases, however, involved the converse of the question stated by Judge GROVER in *Jaffe* v. *Harteau* (*supra*), that is, the responsibility of the landlord in case an agreement to repair is included in the lease. Neither was the responsibility

in such case involved in *Kilmer* v. *White* (254 N. Y. 64) where *Jaffe* v. *Harteau* (*supra*) was cited.

We find, therefore, nothing in *Jaffe* v. *Harteau* or in the cases referred to approving or citing it in conflict with the authorities cited above which expressly answer the question arising upon this appeal.

The Restatement of the Law of Torts of the American Law Institute in tentative draft No. 4 contains the following: " Section 227. Liability where lessor covenants to repair. A lessor of land is subject to liability for bodily harm caused to his lessee and others upon the land in the right of the lessee by a condition of disrepair existing before or arising after the lessee has taken possession, if (a) the lessor as such has agreed by a covenant in the lease or otherwise to keep the land in repair, and (b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented." In the explanatory notes accompanying tentative draft No. 4, the authorities in the various States in accord with the quoted section and in conflict with it are collated. The authorities in New York are there stated to be in conflict with the rule enunciated n this section. If the law of New York is to be brought into conformity with the restatement in this respect, it is not for this court to do so.

The judgment should be reversed and the complaint dismissed, with costs.

All concur, except CROSBY, J., who dissents and votes for affirmance. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.