734

HARRY J. DALY, PLAINTIFF-APPELLANT, v. MARGARET SCHENK AND WALTER W. WHITE, DEFENDANTS-RESPONDENTS.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices Case, Daly and Donges.

For the plaintiff-appellant, *Jerome C. Eisenberg* and *Philip M. Lazar*.

For the defendants-respondents, *Huckin & Huckin*.

Per Curiam.

The action was on behalf of plaintiff as landlord for rent, against which was a counter-claim by the defendant Schenk to recover an excess amount of $225 paid at the time the original lease was made as well as to recover a part of the rent paid for the month of March, 1930. Both plaintiff and defendant Schenk are assignees of the original parties to the lease, the former being the assignee of the original lessor and the latter, Mrs. Schenk, being the assignee of the lessee. White is a guarantor of the rent. There was a fire on March 17th, 1930, and Mrs. Schenk then moved out, giving notice to plaintiff that she had vacated the premises on account of the fire. On April 28th, 1930, she was advised by the plain-

tiff that the repairs occasioned by the fire were complete and the house would be ready for occupancy on May 1st, 1930, but she refused to retake possession or to pay rent. The action is for $225 rent for the month of May under the lease. The premises were in the State of New York and the contract was made to be performed there. The parties agree that the law of that jurisdiction applies. Judgment by the court sitting without a jury was for the defendant on the main cause and also on the counter-claim in the sum of $326.50, which apparently was $225 for the original deposit and $101.50 refund for such part of the March rent as was unearned at the time of the fire.

The fifth paragraph of the lease provided that "if the said premises or any part thereof shall * * * be slightly damaged by fire, the premises shall be promptly repaired by the landlord and an abatement will be made for the rent corresponding with the time during which and to the extent to which said premises may have been untenantable, but if the building or buildings should be so damaged that the landlord shall decide to rebuild, the term of this lease shall cease and the aggregate rent be paid up to the time of the fire."

The New York statute (Laws of 1909, chapter 52, section 227 of the Real Property law) provides that "where any building, which is leased or occupied, is destroyed or so injured by the elements or any other cause, as to be untenantable and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased and occupied; and he is not liable to pay to the lessor or owner rent for the time subsequent to the surrender."

The fire was not due to any fault or neglect of the tenant. The plaintiff insists that the provisions of the fifth paragraph of the lease are an express agreement to the contrary of the provisions of the statute. The court in settling the facts used the words: The "fire * * * was so extensive as to

render the premises untenantable and unfit for occupancy," and in its findings determined that "as a result of said fire the dwelling house was untenantable from March 17th to May 1st, 1930." In the opinion the language is that the house was "wholly untenantable."

The court below held, in construing the fifth paragraph of the lease, that there was provision pertinent to slight damage and also to total destruction but that there was no provision applicable to the intermediate condition which existed in the case at bar. We agree with that view and find that the lease does not expressly provide the contrary of the statute in respect to the conditions that existed. This leads to an affirmance of so much of the judgment below as relates to the main cause.

However, the appellant contends, and it seems to us with reason, that the deposit of $225 should not be allowed under the counter-claim against him. All that the record discloses is that the lease required a payment of $225 on the first day of September, 1928, and $225 on the first day of each month thereafter during the term of the lease. The term of the lease did not begin until October 1st, 1928. There seems to have been an excess month's rental paid to the original lessor, but there does not appear to have been any excess payment of that character turned over to or paid to the present plaintiff. As the finding of the court is "that $225 was deposited with the lessor as security for the payment of rent at the time of the execution of the lease," we think that, under the New York cases, if there is a claim at all it is personal against the original lessor. *Messer* v. *Smith* 125 *Misc.* 845; 211 *N. Y. Supp.* 494.

We affirm as to the main case and modify the judgment for the defendant on the counter-claim by the reduction thereof in the sum of $225. The order will be for the entry of such a judgment. Costs are allowed the appellant on this appeal against defendant Schenk.