JAMES E. MOWERS and Another, Claimants, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 25147.)

Court of Claims, August 10, 1938.

*Clarence J. Gorman* and *Donald Peterson*, for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J.    The facts in this case are not disputed.    On March 26, 1936, State troopers, with a warrant of arrest, went to the home of Jesse Beckwith, in the village of Altmar, to arrest him. Beckwith barricaded himself in his home to avoid them and fired two shots from the house at the troopers, one of which pierced

a trooper's hat. Tear gas was used and Beckwith fled his home and took refuge in claimants' house. The troopers then fired charges of tear gas through the windows of claimants' house and after a lapse of time entered and searched the house for Beckwith. As one of the troopers opened the door leading to a stairway, he received a charge of shot in the leg. The door was closed and several shots fired into it for the purpose of protecting the injured trooper until he was removed to a place of safety. Beckwith then ran upstairs and took refuge in a small room from which, after several more charges of tear gas, he submitted to arrest. This claim is for damages to claimants' house by reason of these occurrences and the amount thereof has been stipulated. Beckwith was afterward committed to a State institution for the insane.

The troopers were employees of the State, and for damages caused by their negligence the State has waived its immunity. (Court of Claims Act, § 12.) But concededly they were not negligent. Counsel for claimants stated during the trial, concerning the troopers' actions: " I have no fault to find with them. I think they acted admirably. They would be justified in killing him."

The truth of this statement is borne out by the evidence and no criticism could justifiably be made of the troopers' actions. In fact, at great danger to themselves they refused to harm Beckwith. Claimants contend, however, that they established a moral obligation against the State for which compensation may be made. The powers of this court are entirely statutory. It has no equitable jurisdiction. There was no legislative act authorizing the court to hear and determine this claim, and in its absence claimants' cause of action must fail. The Legislature cannot make a gift of public moneys for private purposes. (N. Y. Const. art. 8, § 9.) It may, however, recognize the equity and justice of a private claim and provide for its allowance by the Court of Claims. (*Farrington* v. *State*, 248 N. Y. 112.) It may, however, " reject the calls of justice, equity and fair dealing, stand upon its legal rights and leave the claimant without remedy, and the State alone, through its Legislature, can decide which course it will pursue." (*Williamsburgh Savings Bank* v. *State*, 243 N. Y. 231, at p. 240.)

In the latter case, regarding the duties of the Legislature and this court, it was said: " In the first place, of course, it is necessary to ascertain the facts which are thought to give rise to this kind of an obligation and while undoubtedly the duty rests upon the Legislature itself of attempting to determine what those facts are, it has a perfect right to confer upon the courts the duty of confirming this action and of determining by that searching examina-

tion which is more incidental to judicial processes than to legislative examinations, what the facts actually are upon which such a claim rests and whether they are as the Legislature has decided them to be. * * * The decision by the Legislature that certain facts create a moral obligation, even if those facts exist, is not conclusive. The courts will still be called upon to decide whether its judgment was correct."

Meritorious though this claim may be, it is clearly evident that we are without power to pass upon the merits of the case, without prior action thereon by the Legislature. *Matter of Evans* v. *Berry* (262 N. Y. 61) is not in point, as the award was authorized by a local law passed by the municipal assembly of the city of New York.

At the close of the claimants' case the State moved for a dismissal of the claim upon the ground, among others, that claimants failed to prove a cause of action against the State. The motion is granted, and an order may be submitted accordingly.

GREENBERG, J., concurs.