ISIDOR WASSERVOGEL et al., as Trustees, Landlords, *v.* HERMAN MEYEROWITZ, Tenant.

ISIDOR WASSERVOGEL et al., as Trustees, Landlords, *v.* LEON DORNBUSH, Tenant.

ISIDOR WASSERVOGEL et al., as Trustees, Landlords, *v.* DANNY SILVERMAN, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, May 21, 1948.

*Kramer & Kaprow* for landlords.

*David L. Minkoff* for tenants.

LORETO, J. These three summary proceedings were tried together on consent. They involve leases which are similar except as to amount of rent and date of termination, made by the landlords with these tenants who occupy apartments in the same building. The Meyerowitz lease expired on October 31, 1947, and the Dornbush and Silverman leases expired on March 31, 1948.

The validity and effect of the orders issued by the rent control office increasing the rents of these tenants is the issue involved. On March 18, 1948, an order was made as to the tenant Meyerowitz increasing his rent from $48 per month to $51.25 per month effective September 30, 1947. On March 22, 1948, an order was issued as to the tenant Silverman increasing his rent from $39 per month to $41.75 per month effective as

of September 29, 1947. And on April 13, 1948, an order was issued as to the tenant Dornbush increasing his rent from $37 per month to $39.50 per month, also effective as of September 30, 1947.

The landlords have brought these summary proceedings against each of these tenants for the nonpayment of the claimed increased rent due on April 1, 1948, and for the retroactive increase allowed by these orders.

The tenants have interposed several defenses. First, they challenge the validity of these orders on constitutional grounds, claiming that they were granted practically ex parte. They also contend that the retroactive increase awarded may not be collected, asserting that an acquittance or satisfaction of the rent due for the prior months was effected by the conduct of the parties. And they further urge that the landlords may not collect the current increase because of his failure to serve a thirty-day notice of such increase as is required by law.

The orders granted by the rent control office were based on alleged hardship suffered by the landlords. The tenants were not given notice of the landlords' petition for an increase and were not accorded any opportunity before that body to examine the proofs submitted by the landlords or to cross-examine. No rules or regulations were formulated or issued permitting such participation by or protection to the tenants. Although an appeal is permitted from a determination made by that office, it may be taken only on that record with a final review by the Federal Rent Expediter and without any recourse to court. Such a proceeding on its face appears repugnant to our concepts of due process. Since this court is one of inferior jurisdiction, as a matter of sound policy it should decline to pass on the constitutionality of any act, except in the rarest instances, leaving such action to higher tribunals. The decision in these proceedings, moreover, need not turn on the constitutional point raised.

The landlords argue that the leases having expired, the status of each tenant is a statutory one and that all the terms of the lease except as to duration and rental payable, are projected into the statutory tenancy. The landlords then proceed to maintain that by the provision of a so-called " escalator " clause, the tenants have agreed to pay such an increase of rent and that, even though the landlords have accepted and given unconditional receipts for the past due rent, by reason of a " nonwaiver " clause in the lease, the tenants are bound to pay such retroactive increase.

These clauses insofar as they attempt to control the fixation of rent are ineffective after the expiration of the lease. To such an extent they are not carried over into the statutory tenancy. To hold otherwise would be sustaining a position contrary to the purposes of the emergency rent legislation.

In any event, the court is unable to agree with the landlords' construction of these clauses. The "escalator" clause reads: "The rent herein provided for is the maximum rent which the landlord may collect under the O. P. A. rent regulations in force at the time of the execution of this lease. In the event that at any time during the term of this lease, or any renewal or extension thereof, such regulations against collecting higher rents are cancelled or modified, or if the O. P. A. grants an increase of the rental of the demised premises, the tenant will pay a rental of $       per month, or as much thereof as is legally permissible or allowed commencing the first day of the calendar month following the cancellation or modification of such regulation, or the allowance or an increase of the rental of the demised premises, as the case may be."

This court is of the opinion that the wording of this clause indicates that the parties intended it to be operative only during the term of the lease or any extension or renewal thereof in the event any rental change was effected by the cancellation or modification of Office of Price Administration regulations and likewise in the event any increase in rent was allowed by the said office. The parties did not contemplate by this provision an increase granted by the rent control office when neither the lease nor extension or renewal thereof was in existence, as is here the case.

Nor is this quoted wording of the leases so explicit as to require the court to hold that the tenant agreed thereby to pay any retroactive increase of rent awarded. To arrive at such a conclusion would necessitate adding what is not therein stated and what the parties may not have considered when they entered into the lease. What is clearly indicated is that the tenant agrees to pay the increase granted "commencing" or from the first of the calendar month following the granting of the order.

Now, turning to the tenants' contention that a thirty-day notice of increase of rent must be given before the nonpayment of such increase may be the basis of a summary proceeding, it appears that the Appellate Term of the Supreme Court in this department in the recent case of *Lewittes & Sons* v. *Spielman* (190 Misc. 35) held that no thirty-day notice of termination of tenancy is required where the tenant holds over after the expira-

tion of his lease during the present emergency. This court is constrained to follow that decision.

The court holds that the amount claimed herein as arrears, representing the retroactive increase of rent, is not the proper subject of these summary proceedings.

By accepting the rent then accrued and due for the prior months, the landlords approved the action of the tenants in remaining in possession up to April 1, 1948, and it cannot be said that the tenants held over " without the permission of the landlords " during that time. (*Tolk* v. *Cohen*, 62 Misc. 230.)

There is much merit to the tenants' argument that the acceptance by the landlords of the rent due during the past months and their delivery to the tenant of an unqualified receipt should be construed as an acquittance or satisfaction of all rent due for those months. The tenants knew nothing of the landlords' application for an increase and they paid the only rent then known to them to be due. The landlords accepted that rent without imparting to the tenants any notice of the fact that they were then applying for an increase through the Rent Control Office. It cannot be said that they were restrained by law from doing so. Tested objectively, it is fair and reasonable to conclude that these parties by their conduct "agreed" upon the payment of the rent then due in discharge of any other claim therefor of the landlords. The case of *Auswin Realty Corp.* v. *Kirshbaum* (270 App. Div. 334) is apropos. The court there found (p. 337) that because of the oral agreement of the parties " By accepting a lesser sum, the landlord forgave the debt to the extent of the balance due." Here, also, the landlords will be deemed then to have forgiven any claim to the retroactive increase which was thereafter granted and which they consider balance due.

Nor is this conclusion barred by the " non-waiver " clause as to alleged arrears allocable to the period prior to expiration of the lease. This clause provides: " No waiver by the landlord of any provision hereof shall be deemed to have been made unless such waiver be in writing signed by the landlord. The failure of the landlord to insist in any one or more instances upon the strict performance of any of the covenants or conditions of this lease, or to exercise any option herein conferred, shall not be construed as waiving or relinquishing for the future any such covenants, conditions or option, but the same shall continue and remain in full force and effect. The receipt by the landlord of rent with the knowledge of any breach shall not be deemed a waiver thereof. No payment by the tenant or receipt by the landlord of a lesser amount than the monthly rent herein

stipulated shall be deemed to be other than on account of the stipulated rent, nor shall any endorsement or statement on any check nor any letter accompanying any check or payment as rent be deemed an accord and satisfaction, and the landlord may accept such check or payment without prejudice to the landlord's right to recover the balance of such rent or pursue any other remedy in this lease provided."

This provision can be reasonably held to apply to a situation where a payment of rent is made by the tenant and a receipt given by the landlords for a lesser amount than then known to be due. Under such circumstances, although accepting less than the known stipulated rent, the landlords' right to the balance is preserved. The rules of construction of written instruments do not permit any strained reading into this landlords' lease what is not plain and clear in its wording and they require a construction against its author where there is any ambiguity, as it may be said exists here.

Accordingly, the court grants a final order to the landlords in each of these proceedings with judgment for the rent found due, as follows: against the tenant Meyerowitz in the sum of $51.25; against the tenant Silverman in the sum of $41.75 and against the tenant Dornbush in the sum of $37. Five days' stay.