J. CLARENCE DAVIES, INC., et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32246.)

Court of Claims, March 15, 1954.

*Irving Taustine* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Fred Zabriskie* of counsel), for defendant.

SYLVESTER, J. This claim, submitted upon an agreed statement of facts pursuant to rule 18, is to recover rent for premises leased to the State by claimants. Beginning on September 22, 1941, the State has occupied certain office space in claimants' building, situated at 384 East 149th Street, Bronx, New York. The tenancy originated with a written lease for a three-year period and thereafter extended for two successive three-year periods by renewal leases which expired on October 31, 1950. Since then the State has occupied the premises as a statutory tenant. The leases in effect from September 22, 1941, to October 31, 1947, called for a monthly rental of $114, which was increased by 15% to $131.10 per month by lease executed on October 31, 1947, the emergency rent under the law then applicable (L. 1945, ch. 314, as amd.). The State having paid that rent from November 1, 1950, to April 1, 1953, this controversy now arises as a result of the claimants' demand, on or about May 1, 1953, for an additional 15% increase pursuant to an amendment of the Business Rent Law adopted April 2, 1953 (L. 1953, ch. 452), which determined a new emergency rent, as follows: " § 2. (c) ' Emergency rent.' The rent reserved or payable under any lease, agreement or tenancy of business space in force on June first, nineteen hundred forty-four, plus fifteen per centum of such rent, *except with respect to a tenant who, since January first, nineteen hundred forty-seven, has paid such emergency rent without an increase pursuant to any of the provisions of this act, and in any such case such emergency rent, plus fifteen per centum* ". (Emphasis supplied.) Claimants now seek to recover rent for the five-month period from May 1, 1953, to September 30, 1953, aggregating $753.85. The question is whether the State, having paid an increase beginning Novem-

ber 1, 1947, is exempted from the additional 15% impost provided for in the 1953 amendment, which is specifically rendered applicable only to tenants who have paid the emergency rent " without an increase " since January 1, 1947. It makes for a clear and logical reading of the amendment that the increase referred to is in addition to the " emergency rent ", not the rent originally provided for in the lease. Any other construction would obviously defeat the legislative purpose. Since it is stipulated here that the State has paid only the emergency rent, it follows that claimants are entitled to a second 15% increase, a disposition which accords with the statutory intent (Report of New York State Temporary Commission to Study Rents, March 5, 1953) and the authorities (*Maypat Realty Corp.* v. *Palmer,* 204 Misc. 463; *American Inst. of Management* v. *Piscopo,* 204 Misc. 715).

Judgment is accordingly directed in favor of claimants in the sum of $753.85 which is the aggregate rental for the five-month period from May 1, 1953, to September 30, 1953, with appropriate interest.