Per Curiam.

The tenant’s occupancy of the premises was without the landlord’s consent during the pendency of the protest proceedings by the landlord against the order made by *751 the local rent administrator. The subsequent determination of the State Bent Administrator upon the landlord’s protest superseded that of the local rent administrator and had the same effect as if originally made by the latter. The tenant became liable for the full amount of the rent fixed by the State Bent Administrator for the months in question. The amendment to subdivision 2 of section 1410 of the Civil Practice Act (L. 1952, ch. 495) now permits the maintenance of summary proceedings upon default in payment of rent where the occupancy is ‘ ‘ with or without the permission of the landlord ’ ’. The contrary rule enunciated in Tolk v. Cohen (62 Misc. 230) and Reiss v. Schlossman (84 N. Y. S. 2d 717) is no longer applicable.
There is no dispute as to the total amount of rent due under the determination made by the State Bent Administrator. No waiver or estoppel can be invoked against the landlord because it retained but did not use checks forwarded by the tenant for the lesser amount of rent. (Wasservogel v. Meyerowitz, 300 N. Y. 125.) The amount due through February, 1955 at $265.68.
The final order should be reversed, with $30 costs, and final order and judgment directed in favor of the landlord in the sum of $265.68, with costs. Warrant and execution are stayed for 10 days after entry of final order.
Hofstadter, Schreiber and Hecht, JJ., concur.
Final order reversed, etc.