Sylvester, J.
Claimant is the owner of a large twenty-two-story building located at 225-41 West 34th Street, Borough of Manhattan, City of New York. The State is a statutory tenant *5 of the premises, occupying 19,000 or more square feet of space out of a total area of over 355,000 square feet and pays an emergency rent for its space at the rate of approximately $26,000 per annum. Claimant seeks to fix the rent in accordance with the provisions of subdivision 2 of section 4 of the Business Rent Law (L. 1945, eh. 314, as amd.). The State moves to dismiss the claim upon the ground that the Court of Claims does not have jurisdiction of a proceeding under the pertinent statute to fix rents exceeding the amount of the emergency rent. It is urged also that the Court of Claims is limited in its jurisdiction to actions against the State for the recovery of a sum of money only. The relief clause of the claim reads: ‘ That the claimant prays that the Court grant an order fixing the rent exceeding the amount of the emergency rent for the space used or occupied by the State of New York as of the date of the filing of this claim in accordance with Section 4 (2) of the Emergency Business Space Rent Control Law of the State of New York.” From this it would appear that the relief sought is for an order fixing the rent and not for a judgment for a sum of money. The Attorney-General also asserts that aside from the procedural and jurisdictional objections, the Legislature did not intend to impose upon the State as tenant the obligation of the Business Rent Law. In disposing of the motion, it will be sufficient to deal with the contention that the Court of Claims has no jurisdiction to fix rates in excess of the emergency rent. The statute with which we are here concerned (Business Rent Law, § 4, subd. 1) in prescribing the procedure to determine reasonable rent prescribes among other things: A rent, exceeding in amount the emergency rent, may within the limitations specified by this section, be fixed by arbitration or by the supreme court.” Thus, where recourse is had to judicial determination, the proceeding would obviously have to be brought in the Supreme Court and not in the Court of Claims. For that reason, the Court of Claims would not have jurisdiction of the subject matter, the statute specifically vesting such jurisdiction in the Supreme Court. It would follow that the motion to dismiss the claim would have to be granted. The same disposition must control because of the nature of the relief demanded, i.e. a rent-fixing order, as distinguished from a judgment for a sum of money. The result here is most unfortunate for the claimant. It appeared upon the oral argument that the claimant had already attempted to pursue its remedy in the Supreme Court but was there advised *6 to bring its action in the Court of Claims.* Claimant’s dilemma is apparent. It is concluded against seeking relief here because the Supreme Court has exclusive jurisdiction of the subject matter. It is likewise barred from bringing its action in the Supreme Court because, as pointed out, jurisdiction of actions against the State resides only in the Court of Claims. The net result is that claims of this character when brought against the State are in an unequal and handicapped status compared to such claims when brought against private persons. Manifestly, this discriminatory consequence could not have been in the contemplation of the Legislature when it enacted the several pertinent statutes referred to. Certainly, the language of section 8 of the Court of Claims Act connotes no such discrimination, providing, as it does in affirmative terms that the State assumes to have its liability determined in the same maimer as applied to actions in the Supreme Court against individuals or corporations. The unavoidable, disposition of the instant motion operates harshly against the claimant. In these circumstances the situation commends itself for relief by way of appropriate legislation or, in the alternative, by whatever may be resolved by agreement between the State and the claimant. However, the motion to dismiss the claim must be granted.

 The waiver of sovereign immunity is conditioned upon the requirement that all actions against the State be brought in the Court of Claims (Court of Claims Act, §§ 8, 9).