Maxwell Shapiro, J.
In this nonpayment proceeding against a statutory commercial tenant, the tenant moves to dismiss the petition on two grounds, lack of jurisdiction over the subject matter in this court and substantive insufficiency of the petition.
The nonpayment alleged in the petition consists in part of current rent, as to which there appears to be no dispute, and in part of a claim that the tenant has sublet more than 20% of the space at a rate higher than the main tenant’s emergency rent and that pursuant to section 4 (subd. 4, par. [a]) of the Commercial Rent Law the landlord is entitled to recover the profit thereof as additional rent. As to the second part of the landlord’s claim, the tenant asserts that this requires a rent fixation which can only be accomplished by means of a special proceeding involving the exercise of jurisdiction, foreign to the Municipal Court. The landlord contends, however, that only a mathematical computation of a legal obligation is involved and that it is therefore a proper case for summary proceedings. The problem appears to be one of first impression.
There is no doubt that the Municipal Court has no authority to fix the emergency rent, being a court of limited jurisdiction. (250 W. 50 St., Corp. v. Blumenthal, 63 N. Y. S. 2d 457.) This, however, does not mean that the court may not seek out the emergency rent applicable. In every case involving controlled space, this court is required to determine the applicable emergency rent, because the very statute, section 6, requires the landlord to plead and prove that the amount claimed does not exceed such maximum rent, under penalty of dismissal of the petition for nonpayment. (Spear Box Co. v. Perlmutter, 191 Misc. 1005.) The fact that a mathematical computation may be necessary is no deterrent. Analogously, the Court of Claims, which has only legal and not equitable jurisdiction (Court of Claims Act, § 9; Mowers v. State of New York, 168 Misc. 651), has refused to entertain a rent fixation claim against the State under section 4 of the Business Rent Law (Pennbild Realty Co. v. State of New York, 1 Misc 2d 4), yet it accepted jurisdiction to determine the applicable emergency rent under the 1953 amendment to subdivision [e] of section 2 of the Business Rent *789 Law, although a mathematical computation was necessary (J. Clarence Davies, Inc., v. State of New York, 205 Misc. 713).
The section of the rent law under which this claim is made does not by its language precisely state whether or not a rent fixation is intended nor does it prescribe either court or procedure. It does state, however, that the landlord is given an option to require the tenant to pay the profit from subtenants in addition to the regular emergency rent for the entire space. It must be presumed that only the emergency rents payable by subtenants may be the basis for the exercise of this option, since otherwise the section would permit the collection of illegal rents, an absurd result to be discarded in the construction of statutes. (450 Estates v. Favorite Paper Box Co., 127 N. Y. S. 2d 185, 188.) It follows that the statute is giving a landlord of a tenant who sublets more than 20% the option to collect the emergency rent payable by the subtenant, less the value of services rendered, if any, plus the emergency rent of the main tenant for the entire space allocable to the space retained by the main tenant. This is not a rent fixation at all, but merely a computation of the applicability of two emergency rents, one for the entire space and one for the sublet space. The deductibility of the value of services rendered by the main tenant to the subtenant is a factor in the determination of the profit made by the main tenant on the emergency rent for the sublet space, but it does not serve to increase or decrease the amount of such emergency rent.
This court is fortified in its conclusion by the wording of the section, both by what is included and by what is omitted. It states that at the option of the landlord the tenant shall pay certain rent. This creates an ordinary legal demand for rent without more, the classic case for nonpayment summary proceedings. Mr. Justice Wasservogel has so determined the nature of the obligation by holding that the obligation to pay runs from the date of demand. (De Vance Realty Corp. v. Schneiderman, N. Y. L. J., Feb. 3, 1955, p. 7, col. 7.) That case, it is true, was a special proceeding, but in the Supreme Court the distinction between the forms of action, law or equity, has been abolished. (Civ. Prac. Act, § 8.) Furthermore, several cases in the Supreme Court have rejected special proceedings to enforce this section and have relegated landlords to plenary actions. (Matter of Broaduane Corp., N. Y. L. J., April 25, 1951, p. 1507, col. 1; Matter of 1368 Realty, N. Y. L. J., April 6, 1951, p. 1251, col. 7.) Other cases in that court have held to the contrary, but I must decline to follow them as not binding on this court and inconsistent with the greater weight of the authority and *790 reasons for my conclusion. The failure of this section, first enacted in 1949 (L. 1949, eh. 534), to require a rent fixation or to prescribe procedure, is a further compelling argument for this court’s determination, in view of the inclusion of such provisions throughout the statute elsewhere wherever a rent fixation is contemplated. Proper statutory construction requires the assumption that the failure to make such provision in this section was the deliberate intention of the Legislature, with full knowledge of the provisions of the other sections. (Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 166.)
The tenant’s contention that the petition, is substantively defective because it includes a claim for deficiency for November rent from the date of demand on November 2, although November rent at the old rate has been paid, is based upon decisions made prior to the amendment to subdivision 2 of section 1410 of the Civil Practice Act by chapter 495 of the Laws of 1952. Since that amendment, the law is otherwise. (504 West 145th St. Corp. v. Story, 3 Misc 2d 750.) Certainly it would be unjust to foreclose a landlord from recovery upon discovery of the facts (Tufor Realty Corp. v. Equity Express, 120 N. Y. S. 2d 693). Nor can any weight be given to the tenant’s argument that the section does not apply where the subtenancy was created with the consent of the landlord. The authority cited by the tenant (Katz v. Duall Underwear Co., 95 N. Y. S. 2d 714) was decided on January 25, 1950, when the section contained such a prohibition. The section was amended thereafter by chapter 327 of the Laws of 1950 in effect March 31, 1950, eliminating that language and adding an additional subdivision affirmatively indicating an intention to include such subtenancies. Where there is such type of amendment, even a prior determination between the very same parties would no longer be res judicata (Matter of 184 Realty Corp. [National Uniform Co.], 99 N. Y. S. 2d 803, affd. 277 App. Div. 1106).
The motion is denied, with leave to the tenant to answer on or before March 14, 1956.