Abraham R. Margulies, J.
This is a summary proceeding brought by the landlord against the tenant and undertenant to recover possession of the demised premises for nonpayment of rent for the month of January, 1960. The tenant and under-tenant have interposed answers of general denial; separate and distinct defenses of (1) oral agreement to do some additional work, (2) actual partial eviction, (3) acceptance of rent subsequent to commencement of proceeding, and (4) counterclaim for money damages in the sum of $7,500.
The relevant and material facts as they appear from the testimony herein and from the exhibits marked in evidence are as follows :
The lease agreement is on the standard form of loft lease of the Beal Estate Board of New York, Inc., amplified by 13 additional paragraphs appearing on riders to said Beal Estate Board form.
This court shall refer to paragraphs 2, 22, and 23, which provide as follows:
‘ ‘ paragraph 2. Tenant shall use and occupy demised premises for light and medium manufacturing; machine shop and for storage space.”
‘ ‘ paragraph 22. Landlord covenants and agrees with Tenant that upon Tenant paying the rent and additional rent and observing and performing all the terms, covenants and condi *806 lions, on Tenant’s part to be observed and performed, Tenant may peaceably and quietly enjoy the premises hereby demised, subject, nevertheless, to the terms and conditions of this lease including, but not limited to, Article S3 hereof and to the ground leases, underlying leases and mortgages hereinbefore mentioned.”
“ pabagbaph 23. * * * if repairs, improvements or decorations of the demised premises or of the building of which said premises form a part, are not completed, no abatement or diminution of the rent to be paid hereunder shall be allowed to Tenant nor shall the validity of the lease be impaired under such circumstances.”
The tenant entered into possession of the demised premises and paid rent in accordance with the terms of the aforesaid lease up to and including December, 1959, but refused after demand to pay the January, 1960 rent because landlord failed to install a lavatory, and further because accumulation of water in basement deprived tenant of use of said space and caused damage to tenant’s property. On July 20, 1959, the Department of Buildings, Borough of Queens, City of New York, had issued Certificate of Occupancy to the demised premises. Sometime thereafter water appeared in basement to varying degrees of height. Record is not clear as to why.
Subsequent to commencement of this summary proceeding counsel for the respective parties entered into letter agreement depositing the rent with the attorneys ($500 with attorney for landlord; $300 with attorney for tenant) pending the determination by the court as to the proceedings, and under said agreement, moneys for the months of January, February, and March were paid by the tenant to said attorneys. However, in April, 1960 and for each month thereafter, rent was paid by the tenant directly to the landlord in the sum of $500.
It is the theory of the tenant that the accumulation of water in the basement constituted actual partial eviction suspending the covenant to pay rent, further, acceptance of rent by the landlord from the tenant subsequent to the commencement of the proceeding acted to defeat the right of the landlord to recover possession of the premises by reason of the nonpayment of January rent, and further, that the landlord was liable to the tenant for the condition complained of, namely, the accumulation of water.
The defense of an actual partial eviction is available to a tenant in a summary proceeding. (Kerrigan v. May, 188 N. Y. S. 774; Econopouly v. Hamerman, 185 N. Y. S. 291.) Actual partial *807 eviction suspends the payment of rent. However, the eviction must he the act of the landlord. ‘1 If such an eviction, though partial only, is the act of the landlord, it suspends the entire rent because the landlord is not permitted to apportion his own wrong.” (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370, 373.)
With respect to this contention the record is barren as to the reason why there was an accumulation of water in the basement and this court will not speculate as to what brought it about. At any rate, the burden of establishing the defense is upon the tenant, namely that it tvas the act of the landlord that caused same. The eviction of a tenant consists in the Avrongful disturbance of his possession depriving him of the enjoyment of the premises or some portion of it by the entry or the act of the landlord.
The claims of the tenant that the landlord promised to do some additional Avork and keep the basement dry have not been established by way of proof, but even if they were established the court must consider the express agreement between the parties as set forth in paragraph 23 of said lease “ if * ® * improvements * * * are not completed, no abatement or diminution of the rent * e * shall be alloAved to Tenant ’ ’.
The covenant of a landlord to repair rests solely upon express covenant or undertaking. (Witty v. Matthews, 52 N. Y. 512.) The fact that the landlord has gratuitously undertaken to make repairs to the demised premises does not impose an obligation on him to continue to make similar repairs (Faron v. Jones, 49 Misc. 47).
' Where demised premises are connected with a seAver of a municipality, and the premises are flooded by the backing up of the water of the sewer, the landlord cannot, as a general rule, be held liable therefor; liability, if any, is on the municipality {Baitzel v. Rhinelander, 179 App. Div. 735).
To hold a landlord liable in tort to the tenant for damages due to disrepair of the premises, for the most part depends upon occupation or control of the premises by the landlord. Here the tenant had exclusive possession of the building. Further, the mere breach of a coArenant to repair does not impose a tort liability (Cullings v. Goetz, 231 App. Div. 266).
Failure of landlord to perform a covenant to keep demised premises in repair gives tenant right to make required repairs and recover reasonable cost thereof from the landlord or when sued for rent may counterclaim for moneys expended {Warner Bros. Pictures v. Southern Tier Theatre Co., 279 App. Div. *808 309). In the aforesaid case tenant’s theatre was damaged by a flood. The landlord was notified and refused to repair although lease provided for same. The court held that tenant may repair and recover cost from landlord.
The accumulation of water in the basement does not violate the covenant of quiet enjoyment as suggested by the tenant. This covenant concerns itself with defective title and any disturbances thereupon (Black’s Law Dictionary [4th ed.], p. 438). In Fifth Ave. Bldg. Co. v. Kernochan (221 N. Y. 370, supra) the landlord had rented part of the first floor and basement including a vault beneath the sidewalk. This vault was maintained under a revocable license from the City of New York. The city revoked the license and excluded tenant from possession. The court held that this was a breach of the covenant of quiet enjoyment.
Prior to 1952, Tolk v. Cohen (62 Misc. 230), decided in 1909 by the Appellate Term, First Department, was the leading case for the authority that where a landlord accepted rent from the tenant, said landlord may not recover possession by summary proceedings for nonpayment of rent for an earlier month, because in accepting the rent for the later month the landlord sanctioned the holdingover by the tenant. This was in accordance with section 2231 of the Code of Civil Procedure, later subdivision 2 of section 1410 of the Civil Practice Act. Subdivision 2 of section 1410 of the Civil Practice Act was amended by chapter 495 of the Laws of 1952, permitting maintenance of summary proceedings upon default in payment of rent where the occupancy is ‘ ‘ with or without the permission of the landlord ”. The rule enunciated in Tolk v. Cohen (supra) is no longer applicable. {504 West 145th St. Corp. v. Story, 3 Misc 2d 750; Ruth v. Graceform-Camlin Corset Co., 3 Misc 2d 787.) The letters between counsel for the respective parties do not change the situation, and further, this court does not believe subdivision 2 of section 1410, as amended, “unless the landlord shall expressly consent in writing to permit the tenant to continue in possession, which consent shall be revocable at will, in which event the landlord shall be deemed to have waived his right to summary dispossess for non-payment of rent accruing during the time said consent remains unrevoked ’ ’ is operative. The apparent purpose of said letters and subsequent payments were intended to give the court an opportunity to decide the issue in this proceeding.
In view of the fact that by agreement between the parties the rent unpaid for the month sued for herein is being held in escrow pending the outcome of this proceeding, and to accommodate *809 counsel for the tenant, who by letter addressed to this court dated December 16, 1960, requests stay of 10 days, the decision of this court is: final order landlord, judgment directed in favor of landlord in the sum of $800, warrant and execution are stayed for 10 days after entry of final order.