Per Curiam.

The evidence does not show that the parties entered in a new voluntary agreement for the newly created apartment. The change from the payment of rent from a weekly to a monthly basis was merely for a bookkeeping convenience.
The subsequent determination of the maximum rental by the Administrator was binding on the tenant from the original date of the order, and the tenant thereby became liable for the full amount of the rent fixed in said order for the months in question (Kellong Holding Corp. v. Wilson, 21 Misc 2d 287). The occupancy of the tenant was without the landlord’s consent during the pendency of the proceedings before the Rent Administrator; however under subdivision 2 of section 1410 of the Civil Practice Act this proceeding may be brought where the occupancy is with or without the permission of the landlord (504 West 145th St. Corp. v. Story, 3 Misc 2d 750).
*585 The final order should be reversed, with $30 costs, and final order and judgment directed for the landlord in the sum of $392.25, with costs. Warrant and execution stayed for 10 days after the entry of judgment.
Concur—Hofstadter, J. P., Aurelio and Tilzer, JJ.
Final order reversed, etc.