Joseph F. Falco, J.
This is an action to recover rents under the terms of a written lease. The original action was commenced *147 by the service of a summons and complaint on April 18, 1966 and was for the recovery of rents for the months of March and April, 1966. At the trial on June 22, 1966 the plaintiffs moved to amend the complaint to include the months of May and June, 1966 which they contend are now due and owing. Said motion to amend was granted.
At the close of all of the evidence defendants’ counsel moves to strike out the amendment to the complaint. This motion is hereby denied.
The facts in the case are as follows: On or about the 27th day of March, 1963 the plaintiffs and defendants entered into a written lease for a store for a period of five years, commencing on May 1, 1963 and ending on April 30, 1968. The monthly rental for the four months involved in this action was $250 per month. The lease was received as plaintiffs’ Exhibit No. 1.
During the early morning hours of December 30, 1965 a fire occurred in a bowling alley adjacent to the premises leased to the defendants. The bowling alley was totally destroyed by the fire. It is the defendants’ contention that because of said fire the leased premises in question were rendered untenantable and that the plaintiffs unreasonably delayed in making necessary repairs so that the defendants were thus entitled to give up possession of the premises and thereby end their liability for rent under the lease.
The evidence shows that the plate glass on the front door of the leased premises was broken by the firemen and that holes were made in the roof of said premises by the firemen to see if there was any fire between the roof and ceiling of the leased premises. The testimony of the plaintiffs’ witnesses shows that a firewall built between the leased premises and the bowling alley stopped the fire and that no part of the leased premises was charred or burned or even affected by the heat. According to testimony on both sides the only damage to the leased premises was caused by smoke and water and the action of the firemen in trying to prevent the fire from spreading. The defendants had the plate glass replaced in the door of the leased premises the same day as the fire and the holes in the roof were fixed in a matter of days after the fire.
Approximately one week after the fire one of the defendants called one of the plaintiffs on the telephone and requested all work being done to fix the leased premises be discontinued until the defendants received their fire loss settlement with their insurance company. On February 22, 1966 the plaintiffs sent a letter to the defendants (plaintiffs’ Exhibit No. 3) informing *148 them that the defendants had had ample time to make their adjustment with the insurance company and that the plaintiffs had engaged a contractor who was going to start making further repairs to the leased premises. On March 8, 1966 the plaintiffs notified the defendants that the leased premises was now ready for occupancy. This the defendants do not deny. The total cost of repairing the interior of the premises amounted to $227.73.
The plaintiffs contend that the defendants are liable for the rent under the terms of the lease (Exhibit No. 1). Paragraph 7th of said lease states “ that the tenant shall, in case of fire give immediate notice thereof to the landlord who shall thereupon cause the damage to be repaired forthwith; but if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire.”
The plaintiffs further contend that the evidence shows that they were ready to make immediate repairs after the fire but delayed in doing so only upon the defendants’ request. The plaintiffs further contend that if they unreasonably delayed in making the repairs, the defendants could have made the repairs themselves and recovered the reasonable cost from the plaintiffs. (Enn-Jay Realty Corp. v. Allied Instrument Corp., 29 Misc 2d 804; Warner Bros. Pictures v. Southern Tier Theatre Co., 279 App. Div. 309.)
The first question presented is whether the plaintiffs unreasonably delayed in making repairs. I think not, under the circumstances. Evidence of phone conversations and a letter (plaintiffs’ Exhibit No. 3) substantiated plaintiffs’ claim that repairs were delayed at the request of the defendants. This being the case, the defendants are estopped from using this defense to their advantage. Defendants’ counsel cites in his brief the following cases where the courts have held tenants were justified in abandoning the leased premises because the delay in making repairs by the landlord was unreasonable. (Eifeldt v. Medlin, 173 N. Y. S. 503; Brewster v. Silverstein, 133 N. Y. S. 473; Messer v. Smith, 125 Misc. 845; Progress Corp. v. Chassman, 188 N. Y. S. 406; Nimmo v. Harway, 23 Misc. 126.) These cases are distinguishable from the present ease by virtue of the fact that in all of the cited cases the delays in making the repairs were occasioned by the actions of the landlord alone.
The final question to be resolved after finding the delay in making repairs was not unreasonable is when did the leased premises become tenantable after the fire. I think that all of *149 the evidence tends to establish the date of March 8, 1966 as the day on which the premises became tenantable. Therefore, the plaintiffs are entitled to the rental on the leased premises from March 8, 1966 to March 31, 1966, a total of $187.50, and for the months of April, May and June, 1966, for a total of $750.
Judgment for plaintiffs against defendants in the amount of $937.50, together with costs and disbursements, and with interest on $187.50 from March 8,1966, with interest on $250 from April 1, 1966, with interest on $250 from May 1,1966, and with interest on $250 from June 1, 1966.