Arnold L. Fein, J.
Plaintiff moves to dismiss four defenses interposed by defendants.
The first complete defense, namely, that plaintiff is not the real party in interest, and the .second, that this court has no jurisdiction of the action, are sufficient and require dismissal of the action.
Plaintiff alleges that it is a licensed auctioneer who was engaged by the Small Business Administration, an agency of the United States Government, to sell certain assets of Tronomatic 'Oorp. pursuant to a security agreement. Those assets were sold at auction to defendants on June 1,1967. Defendants did not pay for the goods purchased at auction, necessitating their resale, resulting in a deficiency in the sum of $9,971.59, for which amount judgment is demanded against defendants.
Annexed to the moving papers is an affidavit by Jerome Rich-man, who describes himself as the supervisory loan specialist in the liquidation and disposal section of the Small Business Administration and as authorized to make the affidavit on behalf of the Small Business Administration, without stating the source of his authority. He further avers that plaintiff, Martin Fein & Co. Inc., as auctioneer and agent of the Small Business Administration, is authorized to bring the within action, and the Small Business Administration is bound by the disposition of said action just as if it had brought this action in its own name.
Annexed to the moving papers is the alleged authorization;
“ TO ; MARTIN FEIN AND COMPANY
“ You are hereby authorized and empowered as agent and auctioneer for the Small Business Administration to bring any and all actions or proceedings on behalf of the Small Business Administration 'against any and all parties as may be required for the protection and enforcement of the rights of the Small Business Administration in connection with or arising from your *189 sale at public auction of the assets of Tronomatic Corporation on behalf of the Small Business Administration

Subdivision (a) of section 633 of title 15 of the United States Code authorizes a Small Business Administration ‘ ‘ under the general direction and supervision of the President * * e not * * * affiliated with or * * * within any other agency or department of the Federal Government”.
Subdivision (b) of section 633 of title 15 of the United States Code provides that “ management of the Administration shall be vested in an Administrator ” appointed by the President, by and with the consent of the Senate.
Subdivision (b) of section 634 provides in part:
“ (b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the administrator may—
“ (1) sue and be sued in any court of record of a State having general jurisdiction, or in 'any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy * * *
“(6) make such rules and regulations as he deems necessary to carry out the authority vested in him by :or pursuant to this chapter.”
Pursuant thereto the Administrator has issued and published rules including: “ Section 101.5-2 Litigation. Service of process in any suit instituted against SBA may be accomplished in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure or in accordance with the provisions of section 2410 of title 28 of the United States Code. All litigation instituted by or against SBA will be prosecuted or defended by the Attorney General through the United States Attorney for the Federal District in which the matter arises.” (Code of Fed. Reg., tit. 13, ch. 1.)
The “Small Business Administration” is not a corporate entity but an agency of the United States “ under the general direction and supervision of the President ”. No provision of *190 the statute authorizes the ‘1 Small Business Administration ’ ’ to sue or be sued in its own name or to hire or authorize an agent to sue on its behalf. The statute .specifically provides only that the Administrator may sue or be sued.
Despite the affidavit and alleged authorization of the Supervisory, Liquidation and Disposal Officer, no authority in law or regulations is shown which would authorize or empower plaintiff to bring this action on behalf of the Small Business Administration as its agent.
As held in Blake Constr. Co. v. United States (296 F. 2d 393, 396): “In dealings with the government, unlike those with private parties, one is charged with knowledge of the extent of the actual authority of the government’s contracting agent since no agent of the government can hold out to have any authority not sanctioned by law. However difficult the process may be, his actual authority can be ascertained. National Electronics Labs., Inc., v. United States, Ct. Cl., 1960, 180 F. Supp. 337, 341-342.”
The complaint (par. twelfth) alleges that plaintiff, “ as the Auctioneer and Agent of the Small Business Administration, an Agency of the United States G-overnment, is authorized and empowered to bring this action on its behalf and is entitled to payment of the said deficiency and damages from the defendants.”
In .substance, the original auction agreement between plaintiff and the Small Business Administration authorized plaintiff as an “independent contractor” to act as “auctioneer” to sell the Administration’s right, title and interest as mortgagee of the subject property and to “ remit to this Administration the gross proceeds of sale ” less plaintiff’s fees and costs. In the event of a default by a bidder, plaintiff was authorized to resell, and retain the defaulting bidder’s deposit. Although the defaulting bidder was required to pay any deficiency to plaintiff, this gave no title in the proceeds to plaintiff, nor was plaintiff damaged by the default except to the extent of its proportionate fees and expenses.
There is a failure to show plaintiff is the real party in interest (Carvel Farms Corp. v. Bartomeo, 50 Misc 2d 1073). The complaint and moving papers demonstrate the contrary. (Matter of Eimco Corp, 6 Misc 2d 422.) Plaintiff is purporting to sue as agent of a disclosed principal, without showing any legal or equitable title or interest in the claim. Nor is there any showing it was assigned to him, even assuming authority in the Supervisory and Liquidation Officer to do so. Plaintiff is not in the *191 position of a general agent who might have authority to sue (see Graef Cowen Corp. v. Honey Web, 7 N.Y.S. 2d 124). As noted, only the Administrator has power to sue.
It follows .that Martin Fein & Co. Inc., the plaintiff herein, is not the real party in interest (CPLR 1001; see Prof. McLaughlin’s note on Real Party in Interest, in McKinney’s Cons. Laws of N. Y., Book 7B, 1967 Pocket Part p. 31).
Moreover, the statute authorizes the Administrator to sue only “ in any court of record of a State having general jurisdiction ” (U. S. Code, tit. 15, § 634, subd. [b]). If the suit is actually brought by plaintiff as agent for and on behalf of the Administrator, this court has no jurisdiction. The Civil Court of the City of New York is not a court of general jurisdiction (CCA 201; Ruth v. Graceform-Camlin Corset Co., 3 Misc 2d 787). _
_ Plaintiff’s motion is denied and the complaint is dismissed pursuant to CPLR 3211 (subd. [c]).